**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company,<br>*Defendant-Appellant*. | No. 13-56149<br><br>D.C. No.<br>2:12-cv-03694-GW-FMO<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
August 5, 2013—Pasadena, California

Filed August 27, 2013

Before: Richard C. Tallman, Richard R. Clifton,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY*

### Jurisdiction / Class Action

The panel vacated the district court's order remanding to state court a putative class action, which had been removed to federal district court by the defendant under the Class Action Fairness Act.

The panel held that the lead plaintiff's waiver of any claim in excess of the $5 million amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) was ineffective, and the waiver no longer had legal effect.  The panel held that *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) (imposing on defendants the burden to prove the amount-in-controversy to a "legal certainty"), was effectively overruled by the Supreme Court's holding in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013), and that the proper burden of proof imposed upon a defendant to establish the amount-in-controversy is the preponderance of the evidence standard.  Because the district court's remand order relied solely on the waiver, the panel remanded to the district court for consideration and application of the preponderance standard to the amount-in-controversy evidence.

---

* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

George W. Abele (argued), Elizabeth A. Brown, and Mario C. Ortega, Paul Hastings LLP, Los Angeles, California; and Laurie E. Barnes, AT&T Mobility Services LLC, Los Angeles, California, for Defendant-Appellant.

Michael S. Morrison (argued), Alexander Krakow & Glick, LLP, Santa Monica, California; Thomas W. Falvey and J.D. Henderson, Law Offices of Thomas W. Falvey, Pasadena, California; Jason W. Wucetich, Dimitrios V. Korovilas, Wucetich & Korovilas LLP, El Segundo, California, for Plaintiff-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

Plaintiff Robert Rodriguez filed a putative class action in state court, which Defendant removed to federal district court. Defendant contended that there was federal jurisdiction over the action under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), and in particular 28 U.S.C. § 1332(d)(2). Rodriguez alleged that the amount in controversy did not exceed $5 million, as required for federal jurisdiction, and purported to waive any claim by the class in excess of that amount. Based on that waiver, the district court granted Rodriguez's motion to remand the case to state court. The Supreme Court later held that such a waiver was ineffective, however. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). As a result, we vacate the district court's order and remand to the district court for further proceedings.

In its remand order, the district court held that to establish federal jurisdiction over a putative class action, Defendant must demonstrate to a "legal certainty" that the amount in controversy exceeded the $5 million threshold amount, based upon our decision to that effect in *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 999 (9th Cir. 2007). Our reasoning there for imposing on defendants the burden to prove the amount in controversy to a legal certainty, rather than the ordinary preponderance of the evidence standard, is clearly irreconcilable with the Supreme Court's reasoning in *Standard Fire*. As a result, we hold that *Lowdermilk* has been effectively overruled, and that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.

## I.   Background

Plaintiff Robert Rodriguez brought a putative class action against AT&T Mobility Services, LLC, on behalf of himself and all other similarly situated retail sales managers of AT&T wireless stores in Los Angeles and Ventura counties. Rodriguez asserted various claims under California law related to alleged unpaid wages, overtime compensation, and damages for statutory violations. Rodriguez filed his original complaint in Los Angeles County Superior Court. AT&T removed the case to federal court under 28 U.S.C. § 1332(d)(2).

Rodriguez moved to remand the case to California state court, arguing that AT&T could not establish subject-matter jurisdiction in federal court. Specifically, Rodriguez argued that the total amount in controversy in this putative class action did not exceed $5 million, the minimum amount for federal jurisdiction as required by § 1332(d). Rodriguez

pointed to his First Amended Complaint, in which he alleged as much, that "the aggregate amount in controversy is less than five million dollars." To bolster his position, in that pleading, Rodriguez also "waive[d] seeking more than five million dollars ($5,000,000) regarding the aggregate amount in controversy for the class claims alleged."

AT&T attempted to establish that the amount in controversy did in fact exceed $5 million by submitting several sworn declarations from AT&T representatives regarding the potential number of class members and size of their claims. AT&T argued that Rodriguez's allegations, coupled with the sworn declarations, established that the amount in controversy could not be less than roughly $5.5 million and was likely double that amount.

The district court rejected AT&T's argument and ordered remand to state court. The court noted that the amount in controversy was the only jurisdictional requirement at issue in this case and that a defendant seeking removal of an action to federal court bears the burden of establishing the grounds for federal jurisdiction, propositions that the parties did not dispute. Citing our decision in *Lowdermilk*, the district court held that AT&T "must demonstrate to a legal certainty that more than $5,000,000 is at issue in this case." AT&T could not do so, the court held, because Rodriguez's "'disclaimer' of any recovery exceeding $5,000,000 effectively foreclosed the jurisdictional issue." Because the waiver was controlling, the court reasoned that it "need not address the issues surrounding the parties' respective calculations of the amount in controversy as if there were no waiver or disclaimer of any amount exceeding $5,000,000."

AT&T filed a petition to appeal under 28 U.S.C. § 1453(c)(1), which we granted on July 1, 2013.

## II. Discussion

A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen of a state different from any defendant and the aggregate amount of the class members' claims exceeds $5 million. 28 U.S.C. § 1332(d)(2). The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). We review de novo a district court's remand order. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

As in the district court, the $5 million amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is the only jurisdictional requirement disputed in this appeal.

### A.  Plaintiff's Waiver of Claim Amount

The remand ordered by the district court was explicitly based upon Rodriguez's waiver of any claim in excess of $5 million. Recently, however, and after the district court entered its order, the Supreme Court held that such a waiver was ineffective. In *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345 (2013), the Court held that a lead plaintiff of a putative class could not foreclose a defendant's ability to establish the $5 million amount in controversy by

stipulating prior to class certification that the amount in controversy is less than $5 million. *Id.* at 1347.

The Court reversed the district court's remand order because plaintiff's stipulation was not binding on the class and therefore could not resolve the amount-in-controversy question. *Id.* at 1350. The Court explained, "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349. Thus, a plaintiff's "precertification stipulation does not bind anyone but himself." *Id.* Requiring courts to "ignore a nonbinding stipulation," the Court held, "does no more than require the federal judge to do . . . what the statute requires, namely 'aggregat[e]' the 'claims of the individual class members.'" *Id.* at 1350 (quoting 28 U.S.C. § 1332(d)(6) (alteration in original)).

In our case, Rodriguez acknowledges that the district court's remand order must be vacated in light of *Standard Fire*. His waiver no longer has legal effect. Because the order to remand the case to state court relied solely on that waiver, it must be vacated and the matter remanded to district court for further consideration.

## B.  Burden of Proof

That brings us to the question of the standard to be applied on remand. The district court held that a heightened burden of proof applied to AT&T in establishing the requisite jurisdictional minimum. Under *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994 (9th Cir. 2007), when a class action complaint alleges damages below the jurisdictional minimum, the removing defendant must establish to a "legal certainty" that the amount in controversy

in fact exceeds the jurisdictional requirement. *Id.* at 999. Based on *Lowdermilk*, the district court's decision in our case was correct at the time.

AT&T contends, however, that *Standard Fire* fatally undermines *Lowdermilk*'s legal certainty standard such that it has been effectively overruled and should not apply on remand. Rather, AT&T argues that it need only establish that the amount in controversy exceeds $5 million by a preponderance of the evidence, the standard that ordinarily applies where a plaintiff "fails to plead a specific amount of damages." *Id.* at 998. Rodriguez disputes AT&T's reading of *Standard Fire*.

### 1.   The Binding Nature of Prior Precedent

As a three-judge panel of this circuit, we are bound by prior panel decisions such as *Lowdermilk* and can only reexamine them when their "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). "This is a high standard." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (internal quotation marks omitted).

The test requires us to look at more than the surface conclusions of the competing authority. The issues presented in the two cases need not be identical in order for the intervening higher authority to be controlling. *Miller*, 335 F.3d at 900. "Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* But "[i]t is not enough for there to be 'some tension' between the intervening higher authority and

the prior circuit precedent." *Lair*, 697 F.3d at 1207 (quoting *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011)).

In *United States v. Lindsey*, 634 F.3d 541 (9th Cir. 2011), we elaborated on the *Miller* standard. The prior circuit precedent at issue provided that an erroneous denial of a peremptory challenge required automatic reversal of a criminal conviction. *See id.* at 546–47 (discussing the automatic reversal rule of *United States v. Annigoni*, 96 F.3d 1132 (9th Cir. 1996) (en banc)). But in *Rivera v. Illinois*, 556 U.S. 148 (2009), the Supreme Court held that courts could review improper denials of peremptory challenges for harmless error without running afoul of the Federal Constitution. *Id.* at 157. *Rivera* only addressed peremptory challenges in state, not federal, court, and it did not foreclose the possibility that automatic reversal could be held appropriate in a federal prosecution. *Lindsey*, 634 F.3d at 550. Nonetheless, *Lindsey* held that *Rivera*'s reasoning was clearly irreconcilable with *Annigoni*'s automatic reversal rule such that the en banc decision of the Ninth Circuit had been effectively overruled. *Id.* ("It does not matter that the two decisions are not identical.").

*Lindsey* highlighted *Miller*'s instruction to focus on "the *reasoning* and *analysis* in support of a holding, rather than the holding alone." *Id.* at 550. We noted that the result in *Miller* was a consequence of the Supreme Court's having taken an "approach that [was] fundamentally inconsistent with the reasoning of our earlier circuit authority." *Id.* at 548 (quoting *Miller*, 335 F.3d at 892) (internal quotation marks omitted). Thus, because the conclusion reached in our circuit precedent was no longer "supported for the reasons stated" in that

decision, our court determined that it was no longer appropriate to apply its holding. *Lindsey*, 634 F.3d at 551.

In contrast, we held in *Lair v. Bullock* that a district court had erred when it eschewed our controlling circuit precedent because of a subsequent decision by the Supreme Court. 697 F.3d at 1207. Our precedent, *Montana Right to Life Association v. Eddleman*, 343 F.3d 1085 (9th Cir. 2003), and the intervening higher authority, *Randall v. Sorrell*, 548 U.S. 230 (2006), reached opposite conclusions regarding campaign contribution limits. *Compare Eddleman*, 343 F.3d at 1092–96 (upholding Montana's campaign contribution limit) *with Randall*, 548 U.S. at 236–37 (holding that Vermont's contribution limitations were unconstitutional). But that tension was not enough to overrule *Eddleman* because *Randall* "only clarified and reinforced" the principles on which our prior decision relied. *See Lair*, 697 F.3d at 1207 (noting that *Eddleman* was based on the same Supreme Court precedent on which *Randall* relied).

We must, then, follow our court's directive to look beyond the narrow conclusions of *Lowdermilk* and *Standard Fire*. Instead, we focus on the respective bases for those decisions to determine whether *Standard Fire*'s reasoning so undercuts the principles on which *Lowdermilk* relied that our prior decision cannot stand.

### 2.  The Reasoning of *Lowdermilk* and *Standard Fire*

*Lowdermilk* involved a class complaint filed in Oregon state court on behalf of a class of employees. 479 F.3d at 996. Defendant removed the case to federal court, and plaintiff opposed removal, arguing that the aggregate amount in controversy did not exceed $5 million. *Id.* Plaintiff's

complaint alleged damages "in total, less than five million dollars." *Id.* at 996. The district court remanded the case to state court. *Id.*

We affirmed the order of remand. Because plaintiff had alleged that the amount in controversy was less than $5 million, we held that "we need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met." *Id.* at 998. We further held that "a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." *Id.* at 999. Plaintiff, being the "master of her complaint," could elect to remain in state court by merely forgoing any damages above the jurisdictional minimum. *Id.* at 998–99. Accordingly, we held that "the familiar 'legal certainty' standard best capture[d] the proof the defendant must produce," noting, at 999, that the Third Circuit had reached a similar conclusion in *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006).[1]

*Lowdermilk* rested on two principles. 479 F.3d at 998 ("There are two principles that inform our judgment here."). First, federal courts are courts of limited jurisdiction, which is to be strictly construed. *Id.* Second, "plaintiff is the 'master

---

[1] No other circuit has adopted this heightened standard, and most circuits have adopted a preponderance standard. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012) (rejecting the legal certainty test and reviewing cases); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009); *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009); *Smith v. Nationwide Prop. & Cas. Ins.* Co., 505 F.3d 401, 404 (6th Cir. 2007); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41 (7th Cir. 2006). The Third Circuit has not spoken on the legal certainty standard after *Standard Fire*.

of her complaint' and can plead to avoid federal jurisdiction."
*Id.* at 998–99. *Lowdermilk* adopted the "legal certainty" test,
in part, to "preserve the plaintiff's prerogative . . . to forgo a
potentially larger recovery to remain in state court." *Id.* at
999.

It was the second principle that primarily explained our
decision in *Lowdermilk*. That federal courts are courts of
limited jurisdiction is inherently true for all cases in which
federal jurisdiction is at issue, but we do not routinely impose
a heightened "to a legal certainty" burden of proof in
determining whether there is federal jurisdiction in other
contexts. *See McNutt v. Gen. Motors Acceptance Corp. of
Ind.*, 298 U.S. 178, 189 (1936) (discussing a party's burden
to show that federal jurisdiction is appropriate and that he
"justify his allegations by a preponderance of the evidence");
*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.
2004) (holding that a defendant must carry its burden to
establish by a preponderance of the evidence that the amount
in controversy exceeded $75,000 because plaintiff's
complaint "[fell] short of even seeking the threshold
amount").

That second principle is, however, directly contradicted
by *Standard Fire*. The Court held that a plaintiff seeking to
represent a putative class could not evade federal jurisdiction
by stipulating that the amount in controversy fell below the
jurisdictional minimum. *Standard Fire*, 133 S. Ct. at 1350. As
a consequence, we cannot now say that a plaintiff, in the class
action context, has the "prerogative . . . to forgo a potentially
larger recovery to remain in state court." *See Lowdermilk*,
479 F.3d at 999 (adopting the legal certainty standard to
"preserve" that choice). Plaintiff may not "sue for less than

the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." *Id.*

In addition, *Lowdermilk* held that district courts "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met" so long as a plaintiff avers damages below $5 million. *Id.* at 998. Under *Standard Fire*, the district court's inquiry is not so narrow. *Standard Fire* instructed district courts to look to the potential claims of the absent class members, rather than plaintiff's complaint, holding that section 1332(d) so requires: "[t]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class." 133 S. Ct. at 1348.

Put another way, *Lowdermilk* reasoned that the initial jurisdictional determination derives from the complaint, while *Standard Fire* mandates that courts determine their jurisdiction by aggregating all potential class members' individual claims. *See id.* at 1350 ("[T]o ignore a nonbinding stipulation does no more than require the federal judge to do what she must do in cases without a stipulation and what the statute requires, namely 'aggregate' the 'claims of the individual class members.'" (quoting 28 U.S.C. § 1332(d)(6)). To do so, district courts must necessarily "look beyond the four corners of the complaint" when the complaint alleges damages below the jurisdictional minimum, contrary to *Lowdermilk*'s instruction. *Lowdermilk*, 479 F.3d at 998.

*Lowdermilk* adopted the legal certainty standard to reinforce plaintiff's prerogative, as master of the complaint, to avoid federal jurisdiction by forgoing a portion of the

recovery on behalf of the putative class. That choice has been taken away by *Standard Fire*. Further, *Standard Fire* instructs courts to look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements. *Standard Fire*, 133 S. Ct. at 1350.

The theory supporting our adoption of the legal certainty standard no longer holds true. *Lowdermilk*'s legal certainty standard is a consequence of a plaintiff's ability to plead to avoid federal jurisdiction. That principle is not viable in actions involving absent class members. The reasoning behind *Lowdermilk*'s imposition of the legal certainty standard is clearly irreconcilable with *Standard Fire*. We hold that *Standard Fire* has so undermined the reasoning of our decision in *Lowdermilk* that the latter has been effectively overruled. A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. This standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy. *See Guglielmino v. McKee Foods*, 506 F.3d 696, 701 (9th Cir. 2007).[2] This is the burden AT&T must satisfy on remand.

## C.  Application of the Preponderance Standard

The district court, relying on Rodriguez's waiver of damages in excess of $5 million, did not undertake an analysis of AT&T's evidence regarding the amount in controversy. We decline AT&T's invitation to do so in the

---

[2] Nothing in our opinion should be construed to comment on our court's decision in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). That decision concerned issues not presented in this appeal.

first instance on appeal. *See Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1041 (9th Cir. 2003) (remanding when intervening Supreme Court authority altered the standard at issue).

AT&T also contends that Rodriguez waived challenging the amount in controversy under a preponderance standard because Rodriguez never argued it below. AT&T cites no authority for that proposition, nor could it. The preponderance standard did not apply to AT&T's burden of proof prior to *Standard Fire*, so Rodriguez did not waive that challenge. *See In Re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (describing three exceptions to the discretionary determination of waiver, including "when a new issue arises while appeal is pending because of a change in the law").

Because we hold that the legal certainty standard no longer applies to AT&T's burden of proof on remand, and we vacate the district court's order remanding the case to state court, we need not address AT&T's bad faith argument.

## III.    Conclusion

A lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class members, so there is no justification for assigning to the allegation weight so significant that it affects a defendant's right to a federal forum under § 1332(d)(2). Our reasons for applying a legal certainty standard are now clearly irreconcilable with intervening Supreme Court authority. Accordingly, *Lowdermilk* has been effectively overruled by *Standard Fire*.

**VACATED and REMANDED.**