**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED J. PETERS; EAST WEST TRUCK AND REPAIR, a business entity, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> EQUIFAX COMMERICAL SOLUTIONS, a corporation, <br><br> Defendant - Appellant. | No. 14-56637 <br><br> D.C. No. 2:13-cv-05595-TJH-OP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted November 17, 2014[**]
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Appellant Equifax Commercial Solutions ("ECS") appeals the district court's order remanding appellee Fred Peters' case for lack of subject matter jurisdiction. 28 U.S.C. § 1453(c)(1). We affirm.

ECS argues that it was error for the district court to remand the case to state court based on the insufficiency of ECS's allegations regarding the amount in controversy without first giving ECS an opportunity to respond with additional evidence. In the alternative, ECS argues that the district court should not have remanded the case because it possessed federal-question jurisdiction.

When removing a case based on diversity jurisdiction or the Class Action Fairness Act, a defendant has the burden of proving, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" of 28 U.S.C. § 1332(a) or § 1332(d)(2), respectively. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). ECS did not satisfy this burden. Its notice of removal contained little more than conclusory assertions regarding the amount in controversy. "[A] defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). Although the district court could have asked

2

for and considered additional jurisdictional evidence, no authority required it to do so before remanding the case to state court.

Assuming that our jurisdiction under § 1453(c)(1) extends to ECS's second claim, we also conclude that the district court did not have federal-question jurisdiction over this case. Peters' complaint, as amended, pleaded only state-law causes of action: a claim under California's Unfair Competition Law (UCL) and common-law claims for defamation, false light, and trade libel. **ER 79.** State-law causes of action "invoke[] federal-question jurisdiction only if [they] necessarily raise a stated federal issue, actually disputed and substantial." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (alteration and internal quotation marks omitted). Although Peters' complaint mentions the Fair Credit Reporting Act several times, his UCL claim does not necessarily raise a federal issue or depend upon federal law. "[M]ere references by way of example" to federal statutes or regulations in a state-law cause of action "are not enough to confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040–41 (9th Cir. 2003).

The district court did not err in remanding this case for lack of subject matter jurisdiction. Its remand order is therefore

**AFFIRMED.**

3