

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| STEPHEN WYNN; WYNN RESORTS LIMITED, | ) ) ) | No. 15-15639 |
| Plaintiffs-Appellants, | ) ) | D.C. No. 3:14-cv-04329-WHO |
| v. | ) ) | MEMORANDUM[*] |
| JAMES CHANOS, | ) ) | |
| Defendant-Appellee, | ) ) ) | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, III, District Judge, Presiding

Argued and Submitted March 14, 2017
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

Stephen Wynn and Wynn Resorts Limited (hereafter collectively "Wynn")

appeal the district court's judgment in favor of James Chanos. The district court

granted Chanos' motion to dismiss Wynn's first amended complaint[1] and his

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]*See* Fed. R. Civ. P. 12(b)(6).

motion to strike that complaint,[2] and awarded attorney's fees against Wynn.[3] We affirm.

(1)    Wynn asserts that the district court erred when it determined that Wynn had not spelled out a cause of action for slander. We disagree.

Wynn had to "plead[] factual content that allow[ed] the court to draw the reasonable inference that the defendant [was] liable for the misconduct alleged" and could not simply "plead[] facts that [were] 'merely consistent with' [the] defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, the claim of liability had to be plausible. *Id.* In the area of defamation, that means that Wynn had to meet the elements of slander set forth in the law of California,[4] as limited by the requirements of the United States Constitution.[5]

If Chanos' statements were not assertions of fact, but simply expressions of

_____

[2]*See* Cal. Civ. Proc. Code § 425.16(b)(1).

[3]*See id.* (c)(1).

[4]*See* Cal. Civ. Code §§ 44(b), 46(1) (slander by charging a person with a crime); *see also Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1180–81, 96 Cal. Rptr. 2d 136, 148–49 (2000).

[5]*See* U.S. Const. amend. I; *Underwager v. Channel 9 Austl.*, 69 F.3d 361, 365–66 (9th Cir. 1995); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 14, 110 S. Ct. 2695, 2703, 111 L. Ed. 2d 1 (1990).

opinion that did not "contain or imply a provable factual assertion," no action would lie. *Underwager*, 69 F.3d at 366; *see also Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 & n.2 (9th Cir. 1990); *Bently Reserve L.P. v. Papaliolios*, 218 Cal. App. 4th 418, 426–27, 160 Cal. Rptr. 3d 423, 429–30 (2013). The first amended complaint failed to spell out a claim because, as a matter of law, it did not meet the factual-assertion standard. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). That is apparent when we consider "the totality of the circumstances,"[6] for example: the setting of Chanos' comments was a panel discussion at a university where mere points of view would be expected and rife;[7] Chanos used loose language that bespoke an opinion rather than a fact-based analysis;[8] and the content and context of Chanos' statements were insufficiently factual to be proven false[9]—he spoke about assessing risk for himself or his clients, not about whether Wynn actually broke the law. In short, Wynn did not plausibly plead a cause of

---

[6]*Underwager*, 69 F.3d at 366.

[7]*Id.* at 366–67; *Partington v. Bugliosi*, 56 F.3d 1147, 1154 (9th Cir. 1995); *see also Obsidian Fin. Grp., LLC v. Cox*, 740 F.3d 1284, 1293–94 (9th Cir. 2014).

[8]*See Underwager*, 69 F.3d at 367; *Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1438, 1440 (9th Cir. 1995). We note Chanos indicated that he thought that "[a]lmost any company doing meaningful amounts of business in China probably could be found in violation of the Foreign Corrupt Practices Act." That is just the kind of hyperbole that bespeaks mere opinion.

[9]*See Underwager*, 69 F.3d at 366–67; *Partington*, 56 F.3d at 1157–58.

3

action for slander.[10]

(2)     Wynn also argues that the district court erred when it applied California's anti-SLAPP law[11] and granted the motion to strike the first amended complaint, which then made Chanos eligible to have attorney's fees assessed against Wynn.[12]  However, this court has decided that California's anti-SLAPP law must be applied in diversity cases in the federal courts.  *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999); *see also Makaeff v. Trump Univ., LLC,* 715 F.3d 254, 261 (9th Cir. 2013). We are required to follow those decisions.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013).  Wynn recognizes as much, but asks us to call for an initial hearing en banc[13] so that Wynn can seek to have this court overturn the *Newsham* line of authority.  We decline to do so.

AFFIRMED.

---

[10]Because no state action for slander was pled, we need not and do not consider the actual malice issue.

[11]Cal. Civ. Proc. Code § 425.16.

[12]*Id.* at (c)(1).

[13]*See* 28 U.S.C. § 46(c); Fed. R. App. P. 35(a).