NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRERES TIMBER, INC., an Oregon corporation; FRERES LUMBER CO., INC., an Oregon corporation,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 24-7736

D.C. No.
6:24-cv-00018-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted February 5, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Freres Timber, Inc. and Freres Lumber Co., Inc. ("Freres") appeal the district

court's dismissal of their lawsuit asserting Federal Tort Claims Act ("FTCA") claims

against the United States Forest Service ("Forest Service") for its negligent handling

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of the Beachie Creek fire. Freres also appeals the district court's denial of Freres's request for jurisdictional discovery. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo the district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction under the discretionary function exception." *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). We review the district court's decision to permit or deny jurisdictional discovery for abuse of discretion. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

1.      The discretionary function exception to the FTCA bars claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If the discretionary function exception applies, federal courts lack jurisdiction. *Esquivel v. United States*, 21 F.4th 565, 574 (9th Cir. 2021).

The discretionary function exception applies if (1) the challenged actions involve "an element of judgment or choice," and (2) the "judgment is of the kind that the discretionary function exception was designed to shield." *Id.* (citation modified); *Schurg v. United States*, 63 F.4th 826, 831 (9th Cir. 2023) (citation modified). "[C]laims involving how the government conducts fire suppression operations are generally barred by the discretionary function exception." *Esquivel*,

21 F.4th at 574.

Here, at step one, the Forest Service's decisions regarding how to use helicopters and how to mount an attack to fight the Beachie Creek fire were discretionary because they involved "an element of judgment or choice." *See id.* at 574 (citing *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). The Forest Service Manual gives broad discretion to the Forest Service to make decisions based on the circumstances of each fire. And Freres does not point to any "federal statute, regulation, or policy [that] specifically prescribes a course of action" that the Forest Service must adhere to when fighting a forest fire. *See id.* at 573; *Miller v. United States*, 163 F.3d 591, 595 (9th Cir. 1998). Therefore, determining a fire suppression plan and utilizing available resources inherently involves discretion. *See Esquivel*, 21 F.4th at 574.

At step two, the Forest Service's discretionary decisions were "grounded in social, economic, and political policy" concerns. *See Gaubert*, 499 U.S. at 323. In making firefighting decisions, the Forest Service must weigh policy considerations like firefighter and public safety, costs, weather, the expected efficacy of potential measures, land management priorities, and the needs of other active fires. "These considerations reflect the type of economic, social and political concerns that the discretionary function exception is designed to protect." *Miller*, 163 F.3d at 595; *Schurg*, 63 F.4th at 834 (citation modified). Thus, even accepting as true the

complaint's factual allegations, the discretionary function exception applies to the Forest Service's actions, and the district court lacks jurisdiction over Freres's claims. *See Terbush*, 516 F.3d at 1128.

2. A denial of jurisdictional discovery is not an abuse of discretion when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation modified). Here, Freres alleged that the evidence conflicted on two points central to its claim: (1) whether the Forest Service improperly used the Beachie Creek fire for natural resource purposes, and (2) whether the Forest Service fully utilized its aerial firefighting resources. But additional discovery on these issues would not "bear[] on the question of jurisdiction" because it would not show that the Forest Service's actions were nondiscretionary. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2022). The district court thus did not abuse its discretion. *See Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016).

3. Freres asks this court to overrule *Miller*, which held that claims involving how the Forest Service conducts fire suppression operations are generally barred by the discretionary function exception. 163 F.3d at 597. *Miller* is not irreconcilable with a higher intervening authority, and thus we lack the authority to overrule it. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th

Cir. 2013) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). And because there is no irreconcilable conflict in Ninth Circuit precedent, we do not call this case en banc. *See Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc).

**AFFIRMED.**