**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *Plaintiff-Appellee*, <br><br> v. <br><br> CONSUMER DEFENSE, LLC, a Nevada limited liability company; CONSUMER LINK, INC., a Nevada corporation; BENJAMIN R. HORTON, in his individual and corporate capacity; <br><br> *Defendants*, <br><br> and <br><br> PREFERRED LAW, PLLC, a Utah professional limited liability company; AMERICAN HOME LOAN COUNSELORS, a Utah limited liability company; CONSUMER DEFENSE GROUP, LLC, FKA Modification Review Board, LLC, a Utah limited liability company; CONSUMER DEFENSE, LLC, a Utah limited liability company; BROWN LEGAL, INC., a Utah corporation; AM PROPERTY MANAGEMENT, LLC, a Utah limited liability company; FMG PARTNERS, LLC, a Utah | No. 18-15462 <br><br> D.C. No. 2:18-cv-00030-JCM-PAL <br><br><br> OPINION |

limited liability company; ZINLY,
LLC, a Utah limited liability
company; JONATHAN P. HANLEY, in
his individual and corporate
capacity; SANDRA X. HANLEY, in her
individual and corporate capacity;
AMERICAN HOME LOANS, LLC, a
Utah limited liability company,
                    *Defendants-Appellants*,

_____

THOMAS W. MCNAMARA,
                    *Receiver-Appellee.*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

Filed June 17, 2019

Before: Johnnie B. Rawlinson, Paul J. Watford,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Rawlinson

# SUMMARY[*]

## Federal Trade Commission

The panel affirmed the district court's order entering a preliminary injunction freezing all of the defendants' assets in connection with Consumer Defense Global's loan modification business operations in an action initiated by the Federal Trade Commission (FTC) alleging violations of the FTC Act and Regulation O, 12 C.F.R. Part 1015 – Mortgage Assistance Relief Services.

The parties agreed that the FTC brought the action pursuant to the second proviso of Section 13(b) of the FTC Act, which allows the FTC to seek injunctive relief without initiating administrative action, but disputed whether the FTC was required to demonstrate a likelihood of irreparable harm to obtain relief.

The panel held that although in the ordinary case a showing of irreparable harm was required to obtain injunctive relief, no such showing was required when injunctive relief was sought in conjunction with a statutory enforcement action where the applicable statute authorized injunctive relief. The panel further held that circuit precedent to that effect did not present an irreconcilable conflict with the holding in *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and remained valid. The panel concluded that the district court committed no error in granting the motion for a

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

preliminary injunction without requiring the FTC to make the traditional showing of irreparable injury.

The panel addressed challenges to the district court's jurisdiction and the scope of the injunction in a concurrently filed memorandum disposition.

## COUNSEL

Karra J. Porter (argued) and Sarah E. Spencer, Christensen & Jensen, P.C., Salt Lake City, Utah, for Defendants-Appellants.

Imad D. Abyad (argued), Attorney; Joel Marcus, Deputy General Counsel; Alden F. Abbott, General Counsel; Gregory A. Ashe and Adam M. Wesolowski, Attorneys; J. Reilly Dolan, Acting Director; Bureau of Consumer Protection; Federal Trade Commission, Washington D.C.; for Plaintiff-Appellee.

No appearance for Receiver-Appellee.

**OPINION**

RAWLINSON, Circuit Judge:

This appeal stems from an action initiated by the Federal Trade Commission (FTC) alleging violations of the Federal Trade Commission Act, 15 U.S.C. § 45, and Regulation O, 12 C.F.R. Part 1015 - Mortgage Assistance Relief Services (the MARS Rule). Defendants-Appellants Preferred Law, PLLC; American Home Loan Counselors; Consumer Defense Group, LLC; Consumer Defense, LLC; Brown Legal, Inc.; AM Property Management, LLC; FMG Partners, LLC; Zinly, LLC; Jonathan P. Hanley; Sandra X. Hanley; and American Home Loans, LLC (collectively, Consumer Defense Global) appeal the district court's order entering an injunction freezing all of the defendants' assets in connection with Consumer Defense Global's loan modification business operations.[1]

Consumer Defense Global contends that the district court erred as a matter of law because the court presumed irreparable harm, rather than requiring that the FTC demonstrate a likelihood of irreparable harm. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.[2]

---

[1] Consumer Defense-Nevada, Consumer Link-Nevada, and Benjamin Horton do not join the instant appeal.

[2] Consumer Defense Global also challenges the district court's jurisdiction and the scope of the injunction. We address these claims in a concurrently filed memorandum disposition.

## I.  BACKGROUND

In January of 2018, the FTC brought an action in federal district court in the District of Nevada against Consumer Defense, LLC (Consumer Defense-Nevada); Consumer Link, Inc. (Consumer Link-Nevada); Benjamin Horton, an attorney employed by Consumer Defense Global; and Consumer Defense Global. The FTC alleged that Consumer Defense-Nevada, Consumer Link-Nevada, Benjamin Horton, and Consumer Defense Global, directed and controlled by Jonathan Hanley, Sandra Hanley, and Benjamin Horton, "operated as a common enterprise while engaging in the deceptive acts and practices" of "luring [financially distressed homeowners] into signing contracts for MARS services with promises that they [would] receive expert legal assistance . . . that [would] stop them from going into foreclosure and modify their mortgage loans to make their payments more affordable."

The FTC asserted that, "through an interrelated network of companies" with common ownership, management, physical locations, commingled funds, and marketing materials, the defendants deceived consumers by regularly misrepresenting the likelihood of obtaining a successful modification, improperly charging advance fees for modification services, suggesting an affiliation with or endorsement by government programs, and instructing customers to cease making their mortgage payments. As part of this common enterprise, the FTC alleged, each of the defendants had transacted business in the District of Nevada, as well as throughout the United States. The FTC further alleged that, in numerous instances, the defendants failed to obtain relief for their customers, sometimes never contacting the lenders at all. As a result of these practices, consumers

incurred substantial fees and penalties, with some entering foreclosure and losing their homes.

In connection with these activities, the FTC charged the defendants with two violations of the FTC Act: making "deceptive representations regarding substantially more affordable loan payments, substantially lower interest rates, or foreclosure avoidance" (Count I), and making "deceptive representations regarding loan modification services" (Count II). The FTC charged the defendants with four violations of the MARS Rule: requesting "advance payments for mortgage assistance relief services" (Count III); making prohibited representations that consumers seeking loan modifications "cannot or should not contact or communicate with his or her lender" (Count IV) and material misrepresentations regarding the likelihood of obtaining a modification, the defendants' affiliation with governmental agencies, and the consumer's obligation to make payments on the current loan (Count V); and failing to clearly and prominently make required disclosures (Count VI). The FTC sought an injunction and other equitable relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

On the same day, the FTC filed an emergency *ex parte* motion for a temporary restraining order (TRO), for an asset freeze, for appointment of a receiver, and for an order to show cause (OSC) as to why a preliminary injunction should not issue. The district court granted the motion.

In support of its request for a preliminary injunction, the FTC asserted that it was likely to succeed on the merits, and that the balance of equities tipped in the public's favor. The FTC maintained that irreparable harm was presumed for purposes of a statutory enforcement action, but in a footnote

argued that it could nevertheless demonstrate irreparable harm:  without relief, the FTC asserted, there would be a "likely destruction of evidence and dissipation of assets," and more consumers were likely to suffer financial harm from the defendants' activities.

The defendants filed an opposition to the preliminary injunction request. Consumer Defense Global conceded that "they failed to make MARS-worded disclosures to some consumers," and "in a number of instances, they collected fees for services before the execution of a written agreement between the consumer and his or her loan holder or servicer, which is a violation of the MARS Rule." Nevertheless, Consumer Defense Global contended that a preliminary injunction was unwarranted because they had secured loan modifications for the majority of their customers, and with only a few exceptions, the FTC failed to demonstrate that Consumer Defense Global neglected to provide MARS-required disclosures, or that consumers were harmed by the absence of required disclosures. Consumer Defense Global contended that the FTC did not demonstrate irreparable harm or a likelihood of success on the merits.

Following a hearing, the district court entered an order preliminarily enjoining Consumer Defense Global from engaging in various business practices that the court determined to be in violation of the FTC Act and the MARS Rule, as well as freezing all of Consumer Defense Global's assets.

Consumer Defense Global appealed the district court's order, contending that the district court erred by granting an injunction without requiring the FTC to demonstrate irreparable harm.

## II. LEGAL STANDARDS

"A preliminary injunction should only be set aside if the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. . . ." *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1103 (9th Cir. 2016) (citation and internal quotation marks omitted). "We review the district court's legal conclusions *de novo*, the factual findings underlying its decision for clear error, and the injunction's scope for abuse of discretion." *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 969 (9th Cir. 2015) (citation omitted).

## III. DISCUSSION

Section 13(b) of the FTC Act contains two provisos under which the FTC may bring an action to enjoin activity in violation of the Act. The first proviso applies when the FTC intends to initiate administrative action and provides in pertinent part:

> Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted . . .

15 U.S.C. § 53(b). This proviso "places a lighter burden on the Commission than that imposed on private litigants by the traditional equity standard; the Commission need not show irreparable harm to obtain a preliminary injunction." *F.T.C.*

*v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1159 (9th Cir. 1984) (citations omitted).

The second proviso allows the FTC to seek injunctive relief without initiating administrative action and states: "*Provided further*, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." 15 U.S.C. § 53(b) (emphasis in the original). Interpreting the second proviso, we have held that:

> [B]ecause the district court has the power to issue a permanent injunction to enjoin acts or practices that violate the law enforced by the Commission, it also has authority to grant whatever preliminary injunctions are justified by the usual equitable standards and are sought in accordance with [Federal] Rule [of Civil Procedure] 65(a).

*F.T.C. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982); *see also* Fed. R. Civ. P. 65.

The parties agree that the FTC brought the instant action pursuant to the second proviso, but dispute whether the FTC was required to demonstrate a likelihood of irreparable harm to obtain relief. Consumer Defense Global contends that the FTC was required to demonstrate a likelihood of irreparable harm, as established in *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The FTC counters that in a case involving statutory enforcement where the governing statute authorizes injunctive relief, irreparable harm is presumed, and a court need only weigh the equities and consider the likelihood of success on the merits. *See*

*F.T.C. v. World Wide Factors, Ltd.*, 882 F.2d 344, 346–47 (9th Cir. 1989), *as amended*; *see also United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175–76 (9th Cir. 1987).

The FTC's position is supported by our precedent. *See World Wide Factors*, 882 F.2d at 346 ("Pursuant to 15 U.S.C. § 53(b), the district court is required (i) to weigh equities; and (ii) to consider the FTC's likelihood of ultimate success before entering a preliminary injunction. *Harm to the public interest is presumed.*") (citation omitted) (emphasis added); *see also Odessa*, 833 F.2d at 175 ("Where an injunction is authorized by statute, and the statutory conditions are satisfied . . ., the agency to whom the enforcement of the right has been entrusted is not required to show irreparable injury . . . ." (citations and footnote reference omitted).[3]

Consumer Defense Global relies on the well-established injunction standard most recently articulated by the Supreme Court in *Winter*, 555 U.S. at 20:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, *that he is likely to suffer irreparable harm* in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. (Emphasis added).

---

[3] It is undisputed that the FTC otherwise satisfied the statutory conditions for imposition of an injunction.

Our precedent eliminating the requirement of a showing of irreparable harm in cases of statutory enforcement, where an injunction is authorized by the applicable statute, pre-dates the Supreme Court's *Winter* decision. Consequently, the question arises whether our cases eliminating the irreparable harm showing for actions involving statutory enforcement, where an injunction is authorized by the applicable statute, remain good law. We addressed how to approach this kind of question in *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). In *Miller*, we held that if a "court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable," the prior circuit precedent cannot stand. *Id*. at 900. If the cases are "clearly irreconcilable," the prior irreconcilable case from the lower court is "effectively overruled." *Id*.

In applying the holding of *Miller*, we have emphasized that the "clearly irreconcilable" requirement "is a high standard." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013). We explained that if we can apply our precedent consistently with that of the higher authority, we must do so. *See id*. at 979–80. We clarified that "[i]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent." *Id*. (quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012)).

Admittedly, there is some tension between the Supreme Court's holding in *Winter* and our holdings in *World Wide Factors* and *Odessa*. *Winter* includes the requirement of a showing of irreparable harm, and *World Wide Factors* and *Odessa* eliminate that requirement for cases involving

statutory enforcement where the applicable statute authorizes injunctive relief. *See Winter*, 555 U.S. at 20; *cf. World Wide Factors*, 882 F.2d at 346; *Odessa*, 833 F.2d at 175. However, as discussed, mere tension between the cases does not meet the high standard of irreconcilable conflict. *See Robertson*, 875 F.3d at 1291. Rather, we must determine if the cases can be applied consistently. *See id*.

We conclude that the cases can be applied consistently. Notably, the irreparable harm requirement articulated in *Winter* is also present in earlier Supreme Court cases referenced in *Winter*. *See e.g., Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987) ("[T]he bases for injunctive relief are irreparable injury and inadequacy of legal remedies . . . ."). Therefore, *Winter* did not purport to introduce the irreparable harm requirement as a new component of the preliminary injunction rubric, but clarified application of the well-established equitable test for a preliminary injunction. Indeed, in *Odessa* we acknowledged pre-*Winter* that "[t]o obtain a preliminary injunction, the movant must *ordinarily* show that there exists a significant threat of irreparable injury." 833 F.2d at 175 (emphasis added). We then proceeded to describe the exception to the ordinary circumstance: when the injunction is sought as a corollary to statutory enforcement, and the applicable statute authorizes injunctive relief. *See id*.

The D.C. Circuit discussed this distinction at some length in *F.T.C. v. Weyerhaeuser Co.*, 665 F.2d 1072, 1081 (D.C. Cir. 1981). Addressing 15 U.S.C. § 53(b), the D.C. Circuit noted that the Conference Report explaining "the derivation and purpose" of § 53(b) confirmed Congressional intent "not to impose the traditional . . . standard of irreparable damage

. . ." (quoting H.R. Rep. No. 93-624 at 18, (1973), *as reprinted in* 1973 U. S. C. C. A. N. 2523, 2533). The D.C. Circuit emphasized that Congress "intended to codify the decisional law" that "lightened the agency's burden by eliminating the need to show irreparable harm." *Id*. at 1082. In such cases, where the statute specifically authorizes injunctive relief, "irreparable injury should be presumed from the very fact that the statute has been violated." *United States v. Hayes Int'l Corp*., 415 F.2d 1038, 1045 (5th Cir. 1969). By specifically authorizing injunctive relief upon a showing that the statute was violated, Congress essentially incorporated a presumption of irreparable injury into § 13(b). *See id*.; *see also Weyerhaeuser*, 665 F.2d at 1082.

These cases demonstrate how *Winter*, *World Wide Factors*, and *Odessa* can co-exist. In the ordinary case, *i.e*. one not involving statutory enforcement, the traditional irreparable injury showing is required. On the other hand, in a case involving statutory enforcement, where the applicable statute authorizes injunctive relief, the traditional irreparable injury showing is not required. Because *Winter* did not address injunctive relief in the context of statutory enforcement and because the cases can be easily reconciled, the high standard described in *Miller* for invalidating prior cases due to intervening authority has not been met. *See Robertson*, 875 F.3d at 1291. Thus, our precedent eliminating the traditional showing of irreparable harm in cases of statutory enforcement, where the applicable statute authorizes injunctive relief, remains intact. The district court committed no error in presuming the existence of irreparable injury in accordance with our precedent.

## IV.  Conclusion

Although in the ordinary case a showing of irreparable harm is required to obtain injunctive relief, no such showing is required when injunctive relief is sought in conjunction with a statutory enforcement action where the applicable statute authorizes injunctive relief. Our precedent to that effect does not present an irreconcilable conflict with *Winter* and remains valid. The district court committed no error in granting the motion for preliminary injunction without requiring the FTC to make the traditional showing of irreparable injury.

**AFFIRMED**.