**FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50167 |
| *Plaintiff-Appellee*, | D.C. No. 8:16-cr-00054-CJC-1 |
| v. | |
| LEON CURTIS ECKFORD, AKA Porky, AKA Spank, | OPINION |
| *Defendant-Appellant*. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 13, 2023
Pasadena, California

Filed August 15, 2023

Before: Jay S. Bybee and Morgan Christen, Circuit Judges,
and Eric N. Vitaliano,* District Judge.

Opinion by Judge Bybee

---

* The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

# SUMMARY[**]

## Criminal Law

Affirming Leon Eckford's conviction and sentence, the panel held that aiding and abetting Hobbs Act robbery is a crime of violence that properly served as a predicate for Eckford's conviction and mandatory minimum sentence for the use of a firearm during a crime of violence under 18 U.S.C. § 924(c).

Under the "elements clause" of § 924(c), the phrase "crime of violence" is defined as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The phrase "physical force" means violent force, or force capable of causing physical pain or injury to another person. The panel applied the "categorical approach," asking whether the federal felony at issue always requires the government to prove the use, attempted use, or threatened use of force.

The panel held that under *United States v. Dominguez*, 48 F.4th 1040 (9th Cir. 2022) (*Dominguez II*), completed Hobbs Act robbery is a crime of violence for purposes of § 924(c). The panel concluded that *Dominguez II* was not clearly irreconcilable with, and thus overruled by, *United States v. Taylor*, 142 S. Ct. 2015 (2022) (attempted Hobbs Act robbery is not a crime of violence). First, *Taylor* was not intervening higher authority because it was decided before *Dominguez II*. In *Dominguez II*, this court, on

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

remand from the Supreme Court for reconsideration in light of *Taylor*, partially reinstated *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020) (*Dominguez I*) (holding that both completed Hobbs Act robbery and attempted Hobbs Act robbery are categorically crimes of violence), and again held that completed Hobbs Act robbery is a crime of violence. Second, the panel concluded that, even if it were not bound by *Dominguez II*, it would still find that *Dominguez I*'s analysis of completed Hobbs Act robbery, which cited the "realistic probability" test from *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), was not clearly irreconcilable with *Taylor*.

The panel held that aiding and abetting Hobbs Act robbery also satisfies the elements clause of § 924(c) because, for purposes of criminal culpability, the law does not distinguish between principals and aiders and abettors.

---

## COUNSEL

Kristi A. Hughes (argued), Law Office of Kristi A. Hughes, Cardiff, California, for Defendant-Appellant.

Suria M. Bahadue (argued), Assistant United States Attorney; Bram M. Alden, Assistant United States Attorney, Criminal Appeals Section Chief; E. Martin Estrada, United States Attorney; United States Attorney's Office, Los Angeles, California; Scott D. Tenley, Zweiback Fiset & Zalduendo LLP, Los Angeles, California; for Plaintiff-Appellee.

**OPINION**

BYBEE, Circuit Judge:

Appellant Leon Eckford pleaded guilty to aiding and abetting the robbery of two jewelry stores in violation of the Hobbs Act, 18 U.S.C. § 1951(a). For his crimes, he was sentenced to 11 years' imprisonment, including a mandatory minimum sentence for the use of a firearm during a "crime of violence." *Id.* § 924(c)(1)(A). On appeal, Eckford argues that aiding and abetting Hobbs Act robbery is not a crime of violence and therefore cannot serve as a predicate for his § 924(c) conviction and mandatory minimum sentence. We disagree and affirm the judgment of the district court.

## I. BACKGROUND

A. *Factual History*

Between the end of 2015 and the beginning of 2016, Leon Eckford participated in two jewelry store robberies. The first robbery was straightforward. Two of Eckford's co-conspirators entered a jewelry store and used a sledgehammer and an ax to smash open display cases. Eckford then swooped in to help his co-conspirators retrieve Rolex watches from the broken cases. Their haul was 14 watches, altogether worth over $200,000.

Eckford's second robbery raised the stakes. Upon entering a jewelry store, one of Eckford's co-conspirators used a handgun to strike a security guard. The co-conspirator then pointed his gun at the security guard, ordered him to the ground, and took the handgun that the guard carried in his holster. The co-conspirator pointed both his and the security guard's handguns at the store employees. One of the participants in the robbery ordered the employees

to lie down on the floor. In the midst of the commotion, Eckford and three compatriots hacked at display cases with axes and sledgehammers. The group grabbed 133 Rolex watches—valued at over $2 million—and fled.

In April 2016, Eckford was arrested in his home. In a post-arrest interview, Eckford admitted that he participated in both robberies.

## B. *Procedural History*

Eckford was indicted on five counts: one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); two counts of aiding and abetting Hobbs Act robbery, *id.*; one count of aiding and abetting the use of a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii); and one count of being a felon knowingly in possession of ammunition, *id.* § 922(g)(1). Eckford pleaded guilty to the first four counts. The felon in possession charge was dismissed on the government's motion.

At the sentencing hearing, the district court calculated a sentencing guideline range of 63 to 78 months for Eckford's three Hobbs Act robbery counts. Because a conviction for "brandish[ing]" a firearm in furtherance of a "crime of violence" requires a mandatory consecutive seven-year sentence, 18 U.S.C. § 924(c)(1)(A)(ii), the district court bumped its guideline calculation up to 147 to 162 months. In light of a number of mitigating factors, including Eckford's traumatic upbringing, his contrition for his crimes, and exemplary behavior in prison, the district court varied downward from the guidelines and issued a sentence of 11 years (132 months). As permitted by his plea agreement, Eckford filed a timely appeal of his sentence.

## II.  JURISDICTION AND STANDARD OF REVIEW

We review a district court's final sentence pursuant to 18 U.S.C. § 3742(a).  Normally, we review de novo the district court's determination of whether a conviction is a crime of violence.  *United States v. Begay*, 33 F.4th 1081, 1087 (9th Cir. 2022) (en banc).  However, "where a defendant makes an argument for the first time on appeal that was not the basis of an objection in the trial court, we review for plain error." *Id.* (citing *United States v. Cuevas-Lopez*, 934 F.3d 1056, 1060 (9th Cir. 2019)).

The government argues that plain error review applies here because Eckford failed to argue before the district court that aiding and abetting Hobbs Act robbery was not a crime of violence.  Eckford asserts that he adequately preserved the issue through comments at his change of plea and sentencing hearings.

We need not resolve this dispute because we have discretion to review this question de novo.  "[W]e are not limited to [plain error] review when we are presented with [1] a question that is purely one of law and [2] where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. McAdory*, 935 F.3d 838, 841–42 (9th Cir. 2019) (third and fourth alterations in original) (citation omitted).  Whether Eckford's conviction for aiding and abetting Hobbs Act robbery is a crime of violence is a purely legal question.  *See United States v. Perez*, 932 F.3d 782, 784 (9th Cir. 2019). The government has failed to explain how it would be prejudiced by de novo review, and it has fully briefed the issues.  *See McAdory*, 935 F.3d at 842 (finding the government would not be prejudiced by de novo review when the government had been given "a full opportunity to

present its views"). We will, therefore, review Eckford's claims de novo.

## III. DISCUSSION

Under 18 U.S.C. § 924(c), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall receive a mandatory sentence of "not less than 5 years." *Id.* § 924(c)(1)(A). "[I]f the firearm is brandished," the mandatory minimum sentence is seven years. *Id*. § 924(c)(1)(A)(ii). Eckford's conviction under § 924(c) is based on the district court's conclusion that aiding and abetting Hobbs Act robbery qualifies as a "crime of violence." If this conclusion is erroneous—if aiding and abetting Hobbs Act robbery is not a crime of violence—then we must reverse Eckford's § 924(c) conviction.

Under a provision of § 924(c) known as the "elements clause," the phrase "crime of violence" is defined as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). As used in the elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

"To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . we must apply a 'categorical approach.'" *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). The categorical approach ignores the facts surrounding the particular defendant's conviction. *Id.* Instead, "[t]he only relevant question is whether the federal felony at issue *always* requires the government to prove—beyond a

reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* (emphasis added).

Eckford raises two issues. First, he argues that Hobbs Act robbery is not a crime of violence for purposes of § 924(c). Second, he claims that even if Hobbs Act robbery is a crime of violence, aiding and abetting such robbery is not.

## A. *Hobbs Act Robbery as a Crime of Violence*

We will first address Eckford's argument that completed Hobbs Act robbery is not a crime of violence. This question has a history in our court. In *United States v. Mendez*, we held that Hobbs Act robbery is a crime of violence. 992 F.2d 1488, 1491 (9th Cir. 1993). However, our conclusion in that case was not based on the elements clause of § 924(c)(3)(A), but rather the so-called "residual clause" of § 924(c)(3)(B). *Id.* at 1491–92; *see* 18 U.S.C. § 924(c)(3)(B) ("'[C]rime of violence' means an offense that is a felony and . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). At the time we decided *Mendez*, the residual clause provided an alternative mode of evaluating whether an offense is a crime of violence. In 2019, the Supreme Court ruled that the residual clause of § 924(c)(3)(B) was unconstitutionally vague and, therefore, unenforceable. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

Without the residual clause, the only way to define a crime of violence under § 924(c) is through the elements clause. We took up the question of whether Hobbs Act robbery constitutes a crime of violence under the elements clause in *United States v. Dominguez*, 954 F.3d 1251 (9th

Cir. 2020) ("*Dominguez I*"), *vacated*, 142 S. Ct. 2857 (2022).  There, we reasoned that even the "least serious way" to commit Hobbs Act robbery, "placing a victim in fear of bodily injury," satisfied the elements clause "because it 'requires at least an implicit threat to use . . . violent physical force.'" *Id.* at 1260 (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017)).  We thus concluded, joining all other circuits, that "Hobbs Act robbery . . . is categorically a crime of violence under the elements clause." *Id.*  We also determined that the same was true of the defendant's convictions for *attempted* Hobbs Act robbery. *Id.* at 1261–62.  We affirmed the defendant's § 924(c) convictions for both Hobbs Act robbery and attempted Hobbs Act robbery.

Last year, in *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence.  142 S. Ct. 2015, 2020–21 (2022).  In light of *Taylor*, the Court vacated and remanded our decision in *Dominguez I*.  *Dominguez v. United States*, 142 S. Ct. 2857 (2022).  On remand, we issued a brief amended order in which we reversed the defendant's § 924(c) conviction based on attempted Hobbs Act robbery.  *United States v. Dominguez*, 48 F.4th 1040 (9th Cir. 2022) ("*Dominguez II*"); *see Dominguez I*, 954 F.3d at 1261–62.  But we upheld the defendant's § 924(c) conviction based on completed Hobbs Act robbery, incorporating the reasoning we had provided in *Dominguez I*.  *Dominguez II*, 48 F.4th 1040; *see Dominguez I*, 954 F.3d at 1260–61.

*Dominguez II* should resolve this case.  But Eckford claims that even *Dominguez II*'s partial reinstatement of *Dominguez I* is clearly irreconcilable with *Taylor*.  "Generally, a panel opinion is binding on subsequent panels unless and until overruled by an en banc decision of this

circuit." *United States v. Easterday*, 564 F.3d 1004, 1010 (9th Cir. 2009). There is a narrow exception on which Eckford relies: "en banc review is not required to overturn a case where 'intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority.'" *Id.* at 1010–11 (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), *overruled on other grounds*, *Sanchez v. Mayorkas*, 141 S. Ct. 1809 (2021)). "[T]he 'clearly irreconcilable' requirement 'is a high standard'" that demands more than mere "tension between the intervening higher authority and prior circuit precedent." *Fed. Trade Comm'n v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019) (quoting *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979–80 (9th Cir. 2013)). "[I]f we can apply our precedent consistently with that of the higher authority, we must do so." *Avilez v. Garland*, 69 F.4th 525, 533 (9th Cir. 2023) (alteration in original) (quoting *Consumer Def.*, 926 F.3d at 1213).

According to Eckford, Hobbs Act robbery cannot be, categorically, a crime of violence because it encompasses threats of future injury to intangible economic interests, like public goodwill or reputation. Such threats, Eckford claims, would not satisfy the elements clause because they do not necessarily entail the use of "*physical* force." 18 U.S.C. § 924(c)(3)(A) (emphasis added). We addressed this concern in *Dominguez I*. We reasoned that we need not analyze whether threats to injure "intangible economic interests" require a threat of physical force because the defendant had "fail[ed] to point to any realistic scenario in which a robber could commit Hobbs Act robbery by placing his victim in fear of injury to an intangible economic interest." 954 F.3d at 1260. Our reasoning referred to a test from *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), in

which the Court rejected the use of imaginative hypothetical scenarios. There, the Court held that a state statute is not broader than its generic federal equivalent unless there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* at 193. Relying on this test, we rejected the "intangible economic interests" argument because we found there was no realistic probability that the government would bring a Hobbs Act robbery case based on such a theory. *Dominguez I*, 954 F.3d at 1260.

Eckford claims the "realistic probability" test is incompatible with *Taylor*. Recall that *Taylor* dealt with *attempted* Hobbs Act robbery, not *completed* Hobbs Act robbery. *Taylor*, 142 S. Ct. at 2020. In order to prove an attempt, the government had to show that the defendant "completed a 'substantial step'" to achieving the goal. *Id.* But the government admitted that a "substantial step" "need not be violent." *Id.* (quoting Brief for United States 22). In other words, to prove attempted Hobbs Act robbery, the government was "not require[d] . . . to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.*

In *Taylor*, the United States pointed to *Duenas-Alvarez* as evidence that the defendant bears the burden of showing "how his crime of conviction is normally committed or usually prosecuted." *Id.* at 2024. The Court rejected the application of *Duenas-Alvarez* in Taylor's case, for two reasons. First, the Court observed that in *Duenas-Alvarez*, the Court was engaged in a different version of the categorical approach. In *Duenas-Alvarez*, the Court was comparing generic federal law to *state* law, and the state courts are the final arbiters of the meaning of the state

statute. So the Court employed the "realistic probability" test to measure how a state was likely to apply its statute; the test placed the burden on the defendant to show that a creative application of the state statute was a "realistic probability" and not just a "theoretical possibility." *Duenas-Alvarez*, 549 U.S. at 193. In *Taylor*, however, the Court had no such federalism concerns because it was comparing one federal statute to another federal statute. *Taylor*, 142 S. Ct. at 2025. Second, the Court pointed out that in *Duenas-Alvarez* the state and federal law clearly overlapped; the question was whether "state courts *also* 'appl[ied] [their law] in [a] special (nongeneric) manner.'" *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193) (first and third alterations in original). In *Taylor*, there was no need to inquire how a state might enforce its own law; it was a matter for the federal courts to compare the elements of attempted Hobbs Act robbery with the § 924(c) requirements and determine how the two statutes should be read. The Court concluded that an *attempt* did not require the government to prove the use, attempt use or threatened use of force. *Id.*

*Taylor*'s concerns are not at play in this case. First, *Taylor* is not "*intervening* higher authority." *Miller*, 335 F.3d at 893 (emphasis added). The precedent that binds us is not *Dominguez I*; it is *Dominguez II*. *Dominguez II* was published *after* the Supreme Court vacated *Dominguez I* in light of *Taylor*. By reinstating the completed Hobbs Act robbery analysis of *Dominguez I*, the panel in *Dominguez II* necessarily affirmed that analysis as consistent with *Taylor*. It is not our place to second-guess this holding.

Second, even if we were not bound by *Dominguez II*, we would still find that *Dominguez I*'s citation to the realistic probability test does not render its analysis of completed Hobbs Act robbery clearly irreconcilable with *Taylor*.

*Taylor* did not overrule *Duenas-Alvarez*; it merely held that the realistic probability test was not implicated because the Court was comparing two federal statutes. *Taylor*, 142 S. Ct. at 2024; *see also Alfred v. Garland*, 64 F.4th 1025, 1043 (9th Cir. 2023) (en banc) (plurality opinion) (recognizing that *Taylor* "interpret[ed] the 'realistic probability' requirement narrowly"). In *Dominguez I*, we cited *Duenas-Alvarez* to emphasize that there was no "realistic scenario in which a robber could commit Hobbs Act robbery by placing his victim in fear of injury to an intangible economic interest." *Dominguez I*, 954 F.3d at 1260. More importantly, that was not the end of our analysis. We also pointed to the Fourth Circuit, which had

> observe[d] that both Section 924(c) and Hobbs Act robbery reference the use of force or threatened use of force against "property" generally, without further defining the term "property." . . . And neither provision draws any distinction between tangible and intangible property. Thus, we do not discern any basis in the text of either statutory provision for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence.

*Dominguez I*, 954 F.3d at 1261 (second alteration in original) (quoting *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)). We "agree[d] with and adopt[ed] this reasoning." *Id.* In other words, if "property" encompasses intangible property in the Hobbs Act, then so does "property" in § 924(c); conversely, if the Hobbs Act does not extend to intangible property, then neither does § 924(c). There is no

daylight between the use of the term "property" in the two statutes. *See Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1812 (2019) ("This Court does not lightly assume that Congress silently attaches different meanings to the same term in the same or related statutes.").

We recognize that Eckford's argument goes one step beyond what we discussed in *Dominguez I*. His point is not just that Hobbs Act robbery may involve injury to intangible *property*. Rather, his point is that a *threat* to injure intangible property does not entail the *physical* force that the elements clause demands. Although this argument has some appeal, it is not a natural reading of the text. The First Circuit addressed a similar claim in *United States v. García-Ortiz*, 904 F.3d 102 (1st Cir. 2018). García-Ortiz argued that "a person can commit Hobbs Act robbery by threatening to 'devalue some intangible economic interest like a stock holding or control right.'" *Id.* at 107. The First Circuit pointed out that the hypothetical "sounds to us like Hobbs Act *extortion*," which is punished in a separate section. *Id.* (emphasis in original); *see* 18 U.S.C. § 1951(b)(2). The court was

> unpersuaded that a threat to devalue an intangible economic interest constitutes the type of "injury" described in the Hobbs Act's robbery provision. . . . Hobbs Act robbery, even when based upon a threat of injury to property, requires a threat of the kind of force described in *Johnson*[], that is, "violent force

. . . capable of causing physical pain or injury."

*Id.* at 107 (quoting *Johnson*, 559 U.S. at 140). We agree with the First Circuit's analysis. The broad form of intangible injury that Eckford describes is a far cry from the physical harm evoked by the terms "force," "violence," and "fear of injury." 18 U.S.C. § 1951(b). Eckford's reading of the statute would "ascrib[e] to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to [the Hobbs Act]." *Yates v. United States*, 574 U.S. 528, 543 (2015) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995)). In short, even if we thought *Taylor* enabled us to reconsider our analysis in *Dominguez I*, we would still reach the same result: Hobbs Act robbery is a crime of violence. *See Mathis*, 932 F.3d at 266 (fear of injury "necessarily involves the threat to use physical force" (internal quotation marks, citation, and alteration omitted)).

B. *Aiding and Abetting Hobbs Act Robbery as a Crime of Violence*

In the alternative, Eckford argues that even if Hobbs Act robbery satisfies the elements clause, *aiding and abetting* Hobbs Act robbery does not. Eckford argues that a defendant may be convicted of aiding and abetting Hobbs Act robbery for being complicit in another person's use of force without using or threatening to use force himself, and that such complicity cannot satisfy the elements clause.

Eckford's argument misunderstands the nature of aiding and abetting liability. At common law, aiding and abetting was considered a separate offense from the crime committed by the principal actor. Over time, "every jurisdiction—all

States and the Federal Government— . . .'expressly abrogated the distinction' among principals and aiders and abettors." *Duenas-Alvarez*, 549 U.S. at 189 (quoting 2 W. LaFave, Substantive Criminal Law § 13.1(e) (2d ed. 2003)). As a consequence, aiding and abetting liability is "not a separate offense." *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005). We no longer distinguish between principals and aiders and abettors; principals and accomplices "are equally culpable and may be convicted of the same offense." *Alfred*, 64 F.4th at 1034 (plurality opinion); *see* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *Rosemond v. United States*, 572 U.S. 65, 72–73 (2014). Eckford would have us return to the era when we treated principals and accomplices as guilty of different crimes. We have long moved past such distinctions for purposes of determining criminal culpability, although the terminology may be useful for other reasons. *See Alfred*, 64 F.4th at 1034 (plurality opinion) (pointing out that although principals and accomplices "are equally culpable and may be convicted of the same offense," the "metaphysical line between the two" may play a role in sentencing). An accomplice is guilty of committing the crime "even if that aid relates to only one (or some) of a crime's phases or elements." *Rosemond*, 572 U.S. at 73; *see id.* at 74 ("A strategy of 'you take that element, I'll take this one' would free neither party from liability.").

This rule applies to convictions under § 924(c). We have "repeatedly upheld § 924(c) convictions based on accomplice liability." *United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir. 2021) (collecting cases). That means that "aiding and abetting a crime of violence . . . is also a

crime of violence." *Young v. United States*, 22 F.4th 1115, 1123 (9th Cir. 2022); *see Amaya v. Garland*, 15 F.4th 976, 984–86 (9th Cir. 2021) (declining to consider aiding and abetting liability in its elements clause inquiry); *United States v. Door*, 917 F.3d 1146, 1152–53 (9th Cir. 2019) (same). We have reasoned that consideration of accomplice liability is not necessary for an elements clause inquiry because that inquiry looks only for the presence (or absence) of a single element. *See Amaya*, 15 F.4th at 984–86; *Door*, 917 F.3d at 1152–53. Thus, even though accomplice liability presents an alternative means of committing an offense, that alternative means of commission does not affect whether the predicate offense "has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added).

In sum, nothing in this analysis is "clearly irreconcilable" with *Taylor*. *Taylor* dealt with an inchoate crime, an attempt, and does not undermine our precedent on aiding and abetting liability. "[T]here are fundamental differences between *attempting* to commit a crime, and *aiding and abetting* its commission . . . ." *Garcia*, 400 F.3d at 819. Chief among these differences is that "[i]n an attempt case there is no crime apart from the attempt, which is the crime itself," whereas "aiding and abetting is a different means of committing a single crime, not a separate offense itself." *Id.* at 819–20. Put differently, proving the elements of an attempted crime falls short of proving those of the completed crime, whereas a conviction for aiding and abetting requires proof of *all* the elements of the completed crime plus proof of an additional element: that the defendant intended to facilitate the commission of the crime. *See id.* at 819. One who aids and abets the commission of a violent

offense has been convicted of the same elements as one who was convicted as a principal; the same is not true of one who attempts to commit a violent offense. Accordingly, we conclude that our precedent is not clearly irreconcilable with *Taylor*.

## IV. CONCLUSION

We have previously held that Hobbs Act robbery is a crime of violence, *Dominguez II*, 48 F.4th 1040, and that aiding and abetting a crime of violence is also a crime of violence, *Young*, 22 F.4th at 1123. That precedent has not been undermined by the Supreme Court's decision in *Taylor*. We therefore affirm the judgment of the district court.

**AFFIRMED.**