**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10146 |
| Plaintiff-Appellee, | D.C. No.<br>2:10-cr-00456-APG-VCF-2 |
| v. | |
| JASON WILEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 10, 2023[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Jason Wiley appeals from the district court's order denying in part his

supplemental motion to vacate under 28 U.S.C. § 2255. We have jurisdiction

under 28 U.S.C. § 2253. We review de novo the district court's denial of a § 2255

motion, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

OSA134

affirm.

Wiley contends that his 18 U.S.C. § 924(c) convictions must be vacated because aiding and abetting Hobbs Act robbery does not qualify as a predicate crime of violence after *United States v. Taylor*, 142 S. Ct. 2015 (2022). This contention is foreclosed. *See United States v. Eckford*, 77 F.4th 1228, 1236-37 (9th Cir. 2023) (concluding that *Taylor* does not undermine this court's authority holding that aiding and abetting Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)).

Wiley's motion to expand the certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**