NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2801 |
| Plaintiff - Appellee, | D.C. No. 1:23-cr-00127-SPW-1 |
| v. | |
| RICHARD DALE WRIGHT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted April 16, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

In November 2024, Defendant-Appellant Richard Wright pleaded guilty to a

charge of being a prohibited person in possession of a firearm in violation of 18

U.S.C. § 922(g)(9). Wright now appeals the district court's denial of his subsequent

motion to withdraw his guilty plea, and the district court's application of a two-point

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

sentencing enhancement for reckless endangerment in the course of fleeing from law enforcement officers. We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291 and affirm.

1. We review de novo the legal question of whether "the use or attempted use of physical force" is an element of Wright's prior conviction under Washington's fourth degree assault statute. *United States v. DeFrance*, 124 F.4th 814, 817 (9th Cir. 2024), *cert. denied*, 146 S. Ct. 200 (2025). "We review the denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Hernandez*, 105 F.4th 1234, 1238 (9th Cir. 2024).

To serve as a predicate offense supporting a conviction under 18 U.S.C. § 922(g)(9), federal law requires that a state "misdemeanor crime of domestic violence … ha[ve], as an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii). Unlike the Montana assault statute at issue in *DeFrance*, Washington's statute does not statutorily define "assault" and instead applies the common law definition of the crime. *See* Wash. Rev. Code Ann. § 9A.36.041; *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008). "[T]he common-law concept of 'force' encompasses even its indirect application." *United States v. Castleman*, 572 U.S. 157, 170 (2014). Likewise, "placing a victim in fear of bodily injury … requires at least an implicit threat to use … violent physical force." *United States v. Eckford*, 77 F.4th 1228, 1233 (9th Cir. 2023), *overruled on other grounds*

2                                                        25-2801

*by United States v. Gomez*, 165 F.4th 1199 (9th Cir. 2026) (en banc).  Because Washington's fourth degree assault statute incorporates the generic common law definition of "assault," the statute has the necessary element of "the use or attempted use of physical force."  18 U.S.C. § 921(a)(33)(A)(ii).  The district court correctly observed that "the decision in *DeFrance* does not apply to the conviction underlying Wright's § 922(g)(9) charge" and did not abuse its discretion by holding that there was "no 'fair and just' reason to allow Wright to withdraw his guilty plea."

2.  We review the district court's identification of the applicable guideline provisions de novo, the factual findings for clear error, and the application of those guidelines to the facts in the case for abuse of discretion.  *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).  A district court's finding of fact underlying a sentencing decision "is clearly erroneous if it is illogical, implausible, or without support in the record."  *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) (citation omitted).

The Sentencing Guidelines provide for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."  U.S. Sent'g Guidelines Manual § 3C1.2 (U.S. Sent'g Comm'n 2024).  The guidelines define recklessness as "a situation in which the defendant was aware of the risk created by his conduct[,] and the risk was of such a nature and degree that to disregard that risk

3                                                                    25-2801

constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *Id.* § 2A1.4 cmt. n.1. Wright's one-hour-and-twenty-minute flight from officers for at least 34 miles involved resistance to two precision-immobilization-technique maneuvers, evasive driving to avoid collisions around other vehicles, driving on the shoulder, and U-turn on a highway. These actions provide logical, plausible, and sufficient support for the district court's application of the enhancement. Thus, the district court did not abuse its discretion by applying the two-level enhancement.

**AFFIRMED.**