**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7479 |
| Plaintiff - Appellee, | D.C. No. 3:24-cr-05054-DGE-1 |
| v. | |
| JOSEPH ANTHONY CANNAROZZI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted April 22, 2026**
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Joseph Anthony Cannarozzi ("Cannarozzi") waived indictment and pled

guilty pursuant to a plea agreement to one count of possession of a controlled

substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

841(b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). As part of the underlying crime, Cannarozzi sold P.H. drugs that caused P.H.'s death. Cannarozzi appeals the district court's restitution order, which compensated P.H.'s estate for costs associated with his death. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"The legality of a restitution order is reviewed *de novo* . . . ." *United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020) (citation omitted). "[I]f the order is within the statutory bounds, we review the amount for abuse of discretion." *United States v. Phillips*, 367 F.3d 846, 854 (9th Cir. 2004). "[A]ny underlying factual findings [are] reviewed for clear error." *Gagarin*, 950 F.3d at 607. "If the district court's findings are plausible in light of the record viewed in its entirety, we cannot reverse even if we are convinced we would have found differently." *United States v. Torlai*, 728 F.3d 932, 937 (9th Cir. 2013) (citation modified).

1.      As part of his plea agreement, Cannarozzi agreed to waive his right to appeal, including the right to appeal any restitution order. Because we conclude that Cannarozzi's appeal fails on the merits, we need not address Cannarozzi's appeal waiver. *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (appeal waiver is not jurisdictional).

2.     Cannarozzi challenges the legality of the restitution order by arguing that P.H is not a victim eligible for restitution because: (1) P.H. was a "participant in the offense which Mr. Cannarozzi pleaded guilty to"; (2) the district court did not identify victims eligible for restitution in its Statement of Reasons filed at sentencing; and (3) the presentence investigation report did not identify any victims. We address each in turn.

First, Cannarozzi does not cite any legal authority for the proposition that merely purchasing and consuming a controlled substance constitutes participation in the crime of possession with intent to distribute a controlled substance, 21 U.S.C. § 841. Moreover, P.H.'s purchase does not constitute a commission of a 21 U.S.C. § 841 offense because it is undisputed that P.H. purchased the controlled substance for his own consumption. *United States v. Vargas-Castillo*, 329 F.3d 715, 719 (9th Cir. 2003) (a required element of a 12 U.S.C. § 841 offense is that "the defendant possessed the controlled substance with the intent to deliver it to another person"). Furthermore, P.H.'s purchase did not aid and abet the commission of a 21 U.S.C. § 841 offense because "a conviction for aiding and abetting requires proof of *all* the elements of the completed crime." *United States v. Eckford*, 77 F.4th 1228, 1237 (9th Cir. 2023) (emphasis in original), *overruled on other grounds by United States v. Gomez*, 165 F.4th 1199, 1206-07 (9th Cir. 2026) (en banc). Finally, P.H. was not a 21 U.S.C. § 841 co-conspirator because

3

"the buyer-seller rule dictates that mere sales to or purchases from other individuals do not establish a conspiracy to distribute or possess with intent to distribute." *United States v. Mendoza*, 25 F.4th 730, 736 (9th Cir. 2022) (citation modified). Therefore, P.H. was not a participant in Cannarozzi's 21 U.S.C. § 841 offense.

Second, Cannarozzi does not cite any legal authority requiring the district court to specifically identify victims in the Statement of Reasons. Additionally, because the district court deferred the issue of restitution for a later restitution hearing, there was no reason for the district court to make formal findings regarding the individuals eligible for restitution or the amount of restitution at sentencing. *See United States v. Mikaelian*, 168 F.3d 380, 390-91 (9th Cir. 1999) ("The court awarding restitution is not required to make findings of fact; the record must merely reflect that the court had at its disposal information bearing on the requirements of § 3664.").

Third, whether the presentence investigation report identified victims is not dispositive because the statute authorizing the district court to order restitution, "by its plain language, gives the district court discretion to identify victims other than those brought to its attention by the government or the probation office." *United States v. Gamma Tech Indus.*, 265 F.3d 917, 924 (9th Cir. 2001).

4

3.      Cannarozzi also argues that the district court abused its discretion in ordering restitution because Cannarozzi showed that he was indigent at the time of sentencing and therefore unable to pay restitution. However, "[a] sentencing court is not prohibited from imposing restitution even on a defendant who is indigent at the time of sentencing so long as the record indicates that the court considered the defendant's *future* ability to pay." *United States v. Newman*, 6 F.3d 623, 631 (9th Cir. 1993) (emphasis added). A court's determination that a defendant has the ability to pay restitution is a finding of fact reviewed under a clearly erroneous standard, and whether the district court considered the defendant's ability to pay in determining whether to order restitution is reviewed for abuse of discretion. *United States v. Smith*, 944 F.2d 618, 623-24 (9th Cir. 1991) (stating that "if a district court fails to consider a defendant's ability to pay, the court abuses the discretion afforded it by the Act," and evaluating the district's finding regarding the defendant's ability to pay for clear error).

The district court considered Cannarozzi's future ability to pay and did not clearly err in finding that Cannarozzi could pay restitution in the future. As the government argued at the restitution hearing, "significant assets were forfeited to the State," and "Cannarozzi made quite a bit of money prior to this, . . . some through legal means." Cannarozzi did not present any argument that he would not be able to pay restitution in the future, even after the district court invited

5

Cannarozzi to do so. Thus, it is "plausible in light of the record viewed in its entirety" that Cannarozzi could pay restitution in the future. *Torlai*, 728 F.3d at 937. The district court therefore did not abuse its discretion by ordering Cannarozzi to pay restitution based on Cannarozzi's future ability to pay.

**AFFIRMED.**